**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                              No. 117375

THOMAS TODD KRUEGER,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

    Defendant was charged with and convicted by a jury of one count of first-degree criminal sexual conduct[1] and one count of attempted second-degree criminal sexual conduct.[2] He

---

[1] MCL 750.520b(1)(a) (penetration of a victim under thirteen).

[2] MCL 750.520c(1)(a) (sexual contact with a victim under thirteen).

appeals, claiming that he was deprived of his constitutional[3] and statutory[4] right to be present at trial when the trial judge removed him from the courtroom while the complainant testified.

We conclude that under MCL 768.3 a defendant has a right to be physically present at trial. The trial judge's decision to remove this defendant from the courtroom while taking testimony from the complainant constituted error requiring reversal.

## I.  Facts and Proceedings

The complainant was five years of age at the time of trial and initially named someone other than defendant as having committed the sexually abusive acts in question. Eventually she accused the defendant, her father,[5] of the sexual abuse.  He denied the charges.  At defendant's preliminary examination, it became clear that the complainant likely would be unable to testify in court at trial.  Her preliminary examination testimony was obtained on videotape in closed chambers with only the judge, a social worker, and the attorneys present.  Defendant was bound over for trial.

---

[3]US Const, Am VI ; Const 1963, art 1, § 20.

[4]MCL 768.3.

[5]Defendant and the child's mother were divorced shortly before the child was born.

At trial, the judge entertained the prosecution's pretrial motion to use the statutory procedures of MCL 600.2163a[6] to allow the child to testify outside the defendant's presence. Over defendant's objection, the judge instead removed defendant from the courtroom and allowed the child to testify in his absence. The courtroom was closed to everyone but the jury, a social worker, the attorneys, a law enforcement officer, and the court's staff.

Defendant was allowed to watch the child's testimony on closed circuit television and to confer with counsel during the single recess that was called. To assist with this, the defendant was permitted to take notes with a pencil and paper. The judge explained defendant's absence from the courtroom to the jury in the following instruction:

> I have made a decision, ladies and gentlemen, that the defendant will not be present in the courtroom during the testimony. However, we have made arrangements so that he can view the testimony from another room. Okay?

The complainant told the jury of one incident where defendant encouraged her to kiss his privates and of a second where he

_____

[6]MCL 600.2163a offers the judge several options for protecting an underage witness in court, including clearing the court of all people not necessary to the proceedings; positioning the defendant so that the defendant is located far from the witness stand, and allowing a witness' testimony to be videotaped.

3

penetrated her digitally.  The Court of Appeals affirmed the conviction in an unpublished opinion.

## II.  The Statutory Violation

This case involves a question of statutory interpretation, which we review de novo.  *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).  We are asked whether the trial court violated defendant's right under MCL 768.3 to be present at his own trial. MCL 768.3 provides:

> No person indicted for a felony shall be tried unless personally present during the trial . . . .

The statute has its origin in the Revised Statutes of 1846, ch 165, § 9.[7]  We have had few occasions to review this statute previously, and those came in cases where we concluded that the defendants had waived their right to be present. No such waiver is presented here.  Therefore, we must consider whether the statutory term "personally present" mandates that a defendant be physically present at trial.

We apply the ordinary meaning of "personally" and "present."[8] The primary meaning of "personally" is "in person;

---

[7]See also 1857 CL 6076; 1871 CL 7955; How Stat 9568; 1897 CL 11951; 1915 CL 15824; 1929 CL 17296; 1948 CL 768.3.

[8]As these are not technical terms or words of art, we comply with the directive of the Legislature, given at MCL 8.3a, that: "All words and phrases shall be construed and understood according to the common and approved usage of the language . . . ."  See *Horace v Pontiac*, 456 Mich 744, 756; 575 NW2d 762 (1998).

4

directly." *Random House Webster's College Dictionary* (1995). The relevant meaning of "present" is "being with one or others in the specified or understood place." *Id*. Given these definitions, there can be no doubt that when a defendant is physically removed from the courtroom during trial, he is not personally present as required by MCL 768.3. Under the facts of this case, the statute was violated.[9]

### III. The Extent of the Error

There was a statutory error in this case that was preserved by objection. It must be evaluated under the standard for preserved, nonconstitutional error announced in *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Under *Lukity*, the error is presumed not to be a ground for reversal unless it affirmatively appears that, more probably

---

[9]We are not suggesting that a defendant's statutory right to be personally present under MCL 768.3 is absolute. Rather, the facts of this case do not present a situation where the statutory right can be abrogated. We recognize, also, that a defendant's constitutional right to be present at trial is not absolute. *Diaz v United States*, 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912). For example, a defendant can lose his Confrontation Clause right to be present in the courtroom under the Sixth Amendment where he continues disruptive behavior after being warned to refrain. *Illinois v Allen*, 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970). See also *People v Staffney*, 187 Mich App 660; 468 NW2d 238 (1991). However, the facts that would lead to a defendant's removal under *Allen* are not applicable here. There is no allegation that defendant's behavior presented an obstacle to the trial judge's ability to conduct the trial. Thus, we do not address whether constitutional exceptions like that in *Allen* are applicable to the right conferred by MCL 768.3.

than not, it was outcome determinative. As was explained in *People v Elston*,[10] "[a]n error is deemed to have been 'outcome determinative' if it undermined the reliability of the verdict." That determination requires that we "focus on the nature of the error in light of the weight and strength of the untainted evidence." *Id*. at 766.

The evidence of defendant's guilt presented a close question. There were no third-party eyewitnesses, no medical findings, and no confession. The complainant initially named someone other than defendant as the person who had sexually abused her. Under the circumstances, if there were an error closely linked with the complainant's believability, it had a high probability of influencing the verdict. The trial judge instructed the jury that he had decided to remove defendant from the courtroom. While the instruction made clear that defendant's absence was not voluntary, the court did not attempt to explain why the decision had been made or to allay jury speculation about it.

Not only do these facts suggest that the proofs were not overwhelming in this case, they illustrate that an effective cross-examination of the complainant was vital to the defense. Yet, in violation of his statutory right, defendant was removed from the courtroom. Although he was permitted to view

---

[10]462 Mich 751, 766; 614 NW2d 595 (2000).

6

the proceedings through closed-circuit television, he was effectively unable to convey urgent lines of inquiry to his lawyer.[11] Defendant was provided with paper and pencil with which to take notes and had the opportunity to consult with his attorney only during a break in the complainant's testimony. Additionally, he was deprived of the ability to make the subtle statement by his presence and demeanor in court that he was innocent of the charges made by his daughter.

On the basis of the foregoing facts, we conclude that it is more probable than not that the statutory error was outcome determinative. Therefore, we find that the error requires reversal.

## IV. Conclusion

Under the facts of this case, we hold that defendant should not have been removed from the courtroom while the complainant testified. It is more probable than not that the error was outcome determinative because the complainant's

---

[11]Although the United States Supreme Court affirmed a procedure that similarly separated a defendant from his counsel in *Maryland v Craig*, 497 US 836; 110 S Ct 3157; 111 L Ed 2d 666 (1990), that Court was not faced with the same right to counsel issue presented here. In *Craig*, the witness testified in a video deposition outside the defendant's presence. However, he remained in constant electronic communication with his counsel. Thus urgent questions and objections could be made as if both were in the same room. *Id*. at 841-842.

testimony was pivotal and the jury was left to speculate adversely to defendant about his absence. We find it unnecessary to reach the constitutional issue raised. Defendant's conviction is vacated and the case is remanded for retrial.

CORRIGAN, C.J., and CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.