Michigan Supreme Court
Lansing, Michigan

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 16, 2004

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

No. 124532

GENERAL A. LANEY,

    Defendant-Appellant.

PER CURIAM

Defendant, a federally licensed gun dealer, sold a pistol to an undercover sheriff's deputy licensed to purchase the firearm, under circumstances strongly indicating that the deputy was purchasing the firearm on behalf of an underage, unlicensed individual. As a result, the prosecutor charged defendant with violating MCL 750.223(1), a misdemeanor. That statute proscribes selling a pistol without complying with the licensing requirements set forth in MCL 28.422(5). The district court, concluding that defendant had complied with MCL 28.422(5), dismissed the charges against him, and the circuit court affirmed. The Court of Appeals, however,

reversed and reinstated the charge on the basis that whether the deputy was purchasing the gun for himself or the unlicensed individual was a question of fact. Because the sale complied with MCL 28.422(5), we reverse the decision of the Court of Appeals.

I

An understanding of certain aspects of federal and state law regarding the sale of firearms and ammunition is helpful to properly analyze this case. A firearms dealer licensed by the United States Treasury, Bureau of Alcohol, Tobacco, Firearms and Explosives, under 18 USC 923(d)(1)(A), may sell firearms or ammunition only to a person twenty-one years of age or older, except that the dealer may sell a rifle or shotgun to a person eighteen years of age. 18 USC 922(b)(1). Thus, a federally licensed firearms dealer may legally sell shotguns and rifles to persons eighteen years of age or older, but may sell a pistol only to a person twenty-one years of age or older.

Michigan requires a prospective purchaser of a pistol to first obtain a license from the purchaser's local law enforcement agency. MCL 28.422(3). An applicant is qualified to obtain a license to purchase a pistol if, among other things, he is at least eighteen. A purchaser

must be at least twenty-one, however, for a federally licensed gun dealer to legally sell a pistol to that purchaser. MCL 28.422(3)(b).

Thus, under the federal and state statutory schemes, a licensed eighteen-year-old may legally purchase or receive as a gift a pistol from a private party, but may not purchase a gun from a federally licensed gun dealer.

II

Defendant is a federally licensed gun dealer who owns a gun shop in Detroit. On April 6, 1999, Wayne County Sheriff's Deputies Walter Epps and Roshunda Coming, working undercover with an eighteen-year-old civilian, Antonio Little, visited defendant's shop. Little told defendant that he wanted to buy a handgun, and defendant asked Little if he was licensed to purchase a handgun. When Little replied that he was not, defendant told him that he could not sell him a gun without a license and that he had to be twenty-one to buy a handgun.

Epps then told defendant that he had a license to purchase a pistol and asked to look at several models that defendant had available for sale. Defendant showed Epps several pistols and discussed them with Little and Epps. Epps then asked about purchasing more than one gun, and defendant explained that Epps could legally purchase only

3

one handgun in a five-day period, even if he had more than one license.

Epps eventually settled on a pistol he wanted to purchase and produced identification and his license to purchase the weapon. Epps, with defendant's assistance, completed the required forms indicating that Epps was the buyer of the pistol. At that point, Little attempted to hand defendant the funds to pay for the gun. Defendant, however, refused the money, telling Little that Epps had to complete the sale. Little then gave the cash to Epps, who handed the money to defendant. Defendant then gave the gun to Epps.

### III

The prosecutor charged defendant with violating MCL 750.223(1), which proscribes selling a pistol without complying with the requirements of MCL 28.422(5). The prosecutor's theory was that defendant actually sold the pistol to Little. Defendant moved to dismiss the charge on various grounds, including legal impossibility and entrapment. Following an evidentiary hearing, the district court granted the motion in part on the ground of legal impossibility[1] and because, in the court's view, the

---

[1] The doctrine of legal impossibility is irrelevant here where defendant is charged with a completed offense.

4

prosecutor had failed to establish that defendant had committed a crime. The court reasoned:

> [D]efendant's only obligation under the licensing statute was to complete the license form by including the signature of the seller, a description of the pistol sold and the date of sale. The license form in this case contained all of that information.

On appeal, the circuit court affirmed. A majority of the Court of Appeals reversed,[2] holding that under these particular circumstances, a material question of fact existed regarding whether the pistol was actually "sold to" Little, and not to Epps. The Court opined that a jury could conclude that defendant knew Epps was using Little's money to purchase the pistol and that Epps intended to give the pistol to Little. While the Court of Appeals disavowed adoption of the federal "straw man doctrine," it cited cases relying on this federal doctrine in support of its reasoning.[3] Those cases conclude that it is a jury determination whether a defendant violates 28 USC 922(b)(3), which prohibits the sale of handguns to

---

See *People v Thousand*, 465 Mich 149, 156-157; 631 NW2d 694 (2001).

[2] 258 Mich App 25; 669 NW2d 583 (2003).

[3] *United States v Brooks*, 611 F2d 614 (CA 5, 1980), overruled on other grounds sub nom *United States v Henry*, 749 F2d 203, 206 and n 2 (CA 5, 1984), and *United States v Straach*, 987 F2d 232, 240 n 9 (CA 5, 1993).

residents of a different state than that of a federally licensed seller, by engaging in sham sales to residents.[4]

Defendant seeks leave to appeal in this Court.

IV

We review de novo issues of statutory interpretation. *People v Carlson,* 466 Mich 130, 136; 644 NW2d 704 (2002); *People v Krueger,* 466 Mich 50, 53; 643 NW2d 223 (2002). If the language of a statute is clear and unambiguous, as it is here, the Legislature is presumed to have intended the meaning plainly expressed, and judicial construction is neither necessary nor permitted. In such cases, the statute is enforced as written. *In re MCI,* 460 Mich 396, 411; 596 NW2d 164 (1999).

V

MCL 28.422 governs the purchase, carrying, and transporting of pistols in Michigan and requires a purchaser of a pistol to obtain a license for that purchase from a local law enforcement agency. MCL 28.422(1), (3). MCL 28.422(5) further provides:

> Upon the sale of the pistol, the seller shall fill out the license forms describing the pistol sold, together with the date of sale, and sign his or her name in ink indicating that the pistol was sold to the licensee. The licensee shall also sign his or her name in ink indicating

---

[4] The dissenting Court of Appeals judge concluded that defendant had not violated MCL 28.422(5).

6

the purchase of the pistol from the seller. The seller may retain a copy of the license as a record of the sale of the pistol. The licensee shall return 2 copies of the license to the licensing authority within 10 days following the purchase of the pistol.

At the time of the facts giving rise to this case,[5] MCL 28.421(d) defined "seller" as a person who "sells, furnishes, loans, or gives a pistol to another person." In addition, MCL 28.421(c) defined "purchaser" as one "who receives a pistol from another person by purchase, gift, or loan." A person who "knowingly sells" a pistol without complying with MCL 28.422 is guilty of a misdemeanor. MCL 750.223(1).

In this case, there is no dispute that defendant was the seller or that Epps, having a license to purchase the pistol, selected the pistol and handed defendant the money to pay for it. Moreover, Epps filled out the required forms indicating that he was the buyer of the pistol. Because defendant complied with the plain and unambiguous language of the statute, he committed no crime.[6] We decline to adopt the straw-man/sham transaction doctrine that

_____

[5] The Legislature has since amended MCL 28.421, but the amendments do not affect the disposition of this case.

[6] The fact that Epps may have ostensibly intended to transfer the pistol to Little is of no consequence because Little could have legally received the pistol as a gift or by purchase if he obtained a proper license. MCL 28.422(3)(b).

7

federal courts apply when construing federal statutes because our statute allows no such latitude. Because defendant complied with the requirements of MCL 28.422(5), he cannot be held to have violated the statute.

VI

Defendant fully complied with the licensing requirements of MCL 28.422(5). Therefore, he did not violate MCL 750.223(1). Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court affirming dismissal. MCR 7.302(F)(1).

Maura D. Corrigan
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

CAVANAGH and KELLY, JJ.

We would not dispose of this case by opinion per curiam, but would grant leave to appeal.

Michael F. Cavanagh
Marilyn Kelly

S T A T E   O F   M I C H I G A N

SUPREME COURT


PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                    No. 124532

GENERAL A. LANEY,

    Defendant-Appellant.

_____

WEAVER, J. (*concurring*).

I concur in the result of the opinion because, on the basis of the facts before us, defendant complied with the requirements of MCL 28.422(5) and no crime was committed.

                        Elizabeth A. Weaver