# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 27, 2018

Plaintiff-Appellee,

v

No. 337135
Wayne Circuit Court

TERRENCE ANTHONY SLACK,

LC No. 16-001656-01-FC

Defendant-Appellant.

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, for which the trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 35 to 70 years' imprisonment. We affirm defendant's conviction and sentence but remand for the ministerial task of correcting the judgment of sentence to vacate the requirement that defendant be subject to lifetime electronic monitoring.

## I. RELEVANT FACTUAL BACKGROUND

Following a jury trial, defendant was convicted of sexually assaulting a 16-year-old female in an alley in Detroit on the night of January 4, 1998. During trial, the victim testified that she was travelling home after work when a man attempted to converse with her at a bus stop. The victim stated that she did not acknowledge him and that she did not believe he boarded the bus when it arrived. However, after riding and getting off the bus, the victim noticed that the same man who spoke to her at the bus stop was following her. The man quickly approached the victim from behind and jabbed something hard in her side. When the victim attempted to run away, the man grabbed her from behind, put his hand over her mouth, and forced her into an alley. The man then removed the victim's pants and raped her. Before fleeing, the man threatened to kill the victim if she moved. The victim reported the incident to the police and went to a hospital, where a sexual assault examination was performed and DNA samples were collected from a vaginal swab.

In 2015, defendant was identified as a suspect of the sexual assault through the Combined Offender DNA Index System. Forensic testing revealed that defendant's DNA matched the DNA recovered from the victim in 1998, leading to defendant's arrest and prosecution. When interviewed in 2015, the victim was not able to identify defendant as the perpetrator from a

-1-

photographic array, nor was she able to identify him during the preliminary examination. During trial, however, she testified that defendant "looks like an older version of the man I seen that night. . . . [w]ho assaulted me." Defendant was ultimately convicted of CSC I. This appeal followed.

## II. OTHER ACTS EVIDENCE

On appeal, defendant argues that the trial court abused its discretion by failing to allow rebuttal testimony after the prosecution presented other-acts evidence under MCL 768.27a(1).[1] We conclude that the admission of other-acts evidence was erroneous, as was the trial court's failure to allow defendant to present rebuttal evidence. However, in light of the compelling DNA evidence presented by the prosecution, we find these errors to be harmless, and as such, reversal of defendant's convictions and remand for a new trial is unnecessary.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). We review de novo a trial court's decision regarding a preliminary question of law, i.e., the trial court's interpretation of the rules of evidence. *Id*. at 723. A preserved, non-constitutional evidentiary error is "presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative." *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002). An error is outcome determinative when it undermines the reliability of the verdict. *Id*.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," even if the evidence at issue is relevant. MRE 404(b)(1). However, contrary to the aforementioned general rule, MCL 768.27a(1) specifically permits evidence of a defendant's previous sexual misconduct against a minor. *People v Solloway*, 316 Mich App 174, 193; 891 NW2d 255 (2016). MCL 768.27a(1) provides, in relevant part:

> Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense[2] against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

---

[1] 768.27a(1) provides that, "[I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible."

[2] MCL 768.27a(2)(a) defines a "listed offense" as a "term as defined in section 2 of the sex offenders registration act[.]" See MCL 28.722.

However, even if evidence is admissible under MCL 768.27a, it remains subject to MRE 403, and may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012). When applying MRE 403 to evidence under MCL 768.27a, trial courts "must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. Factors to consider when determining whether introduction of evidence would be unfairly prejudicial include:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

At trial, the prosecution presented the testimony of YH, who recalled that in April 1983, when she was 15 years old, she was walking to a grocery store in Detroit when she was accosted by two men in a car. The driver pulled the car next to her and, in an attempt to talk to her, provided their names: Terrence Slack and Robert Lee. The men called her names before defendant, who was the passenger, jumped out of the car, punched her, and "threw" her in the backseat. After driving to a parking lot, both men sexually assaulted YH. YH managed to escape the car, while naked, and was helped by someone at a local market. She filed a police report and identified defendant from a photo array. This testimony was offered under MCL 768.27a(1) as evidence of a defendant's previous sexual misconduct against a minor. Defendant now argues that he should have been able to present rebuttal evidence indicating that he had been tried for the alleged assault in 1983, and had been acquitted. Defendant argues that the trial court erred by refusing to admit such rebuttal evidence.

First, although not challenged by defendant on appeal, we note that it was an abuse of the trial court's discretion to admit evidence of the 1983 assault. In determining whether to admit other acts evidence under MCL 768.27a, the trial court considers several factors that may indicate the offered evidence is unfairly prejudicial. *Watkins*, 491 Mich at 481. Here, the charged assault and the 1983 assault were factually dissimilar, and occurred 15 years apart. In 1983, defendant was accused of having an accomplice, punching YH in the face in order to get YH into a vehicle, assaulting YH in a vehicle, kicking her out of the vehicle while she was naked, and identifying himself by name. Comparatively, in the charged assault, defendant acted alone, did not use a vehicle, and never identified himself by name. Additionally, given the fact that the prosecution had already introduced inflammatory DNA evidence against defendant in the charged assault, the introduction of other acts evidence was unnecessary and unfairly prejudicial.

The trial court further abused its discretion by declining to allow defendant to introduce rebuttal evidence of his acquittal in the 1983 assault, the trial court observed that this Court has previously held that when other-acts evidence is properly introduced during trial, a trial court may exclude evidence of a defendant's acquittal on charges stemming from those prior acts. See *People v Bolden*, 98 Mich App 452, 460-462; 296 NW2d 613 (1980), where this Court reasoned:

The prosecutor must produce evidence sufficient to show that defendant "probably committed the other acts[.]" If he or she can satisfy that burden, the jury should not be confused by the additional information of an acquittal which could mislead them into believing that the defendant absolutely did not commit the prior similar acts. The fact that another jury harbored a reasonable doubt as to defendant's guilt of the other offense does not negate the substantive value of the testimony to establish identity, scheme, plan, etc. in the case at bar. The issue should not be clouded by encouraging speculation regarding the verdict reached in a separate trial on a separate offense involving a different complainant. [*Id*. at 461 (citations omitted).]

This Court issued its decision in *Bolden* in 1980. Accordingly, because *Bolden* was decided before November 1, 1990, it is not binding on this Court pursuant to MCR 7.215(J)(1).[3] We decline to follow it now, and conclude that the trial court abused its discretion in failing to allow defendant to present rebuttal evidence. Specifically, the trial court erred by failing to allow defendant to introduce into evidence the fact that he had been tried for and acquitted of the 1983 sexual assault against YH. We do not believe that introduction of such rebuttal evidence would result in juror confusion, nor is it irrelevant and immaterial. We agree with defendant that without introduction of this rebuttal evidence, defense counsel was unable to fully and meaningfully cross-examine YH regarding her testimony from 1983.

However, in light of the DNA evidence presented by the prosecution against defendant at trial, we cannot conclude that reversal is warranted, as the evidentiary error was not outcome determinative. *Krueger*, 466 Mich at 54. We acknowledge that, "the mere presence of some corroborating evidence [of guilt] does not automatically render an error harmless," *People v Denson*, 500 Mich 385, 413; 902 NW2d 306 (2017). Regardless, in light of the DNA evidence linking defendant to the charged assault, we cannot conclude that the improper admission of the other-acts evidence undermined the reliability of the verdict by making it more probable than not that had this evidence not been admitted, the result of the proceedings would have been different. *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999), citing MCL 769.26. The evidentiary error, therefore, was harmless.

### III. IMPROPER IDENTIFICATION

Defendant next argues that it was improper for the victim to testify at trial that defendant resembled an older version of the man who assaulted her. Defendant emphasizes that the victim did not select his photo from a photo array and did not mention his alleged resemblance to her attacker in prior testimony. He argues that the victim's trial testimony was the product of an identification procedure that was unduly suggestive, so it must be determined whether there is an independent basis for this in-court identification. We disagree.

---

[3] "Published cases issued before November 1, 1990, are not precedentially binding on this Court, although they may be persuasive authority." *People v Barbarich*, 291 Mich App 468, 476 n 2; 807 NW2d 56 (2011), citing MCR 7.215(J)(1).

Because defendant did not object to the victim's testimony at trial, this issue is unpreserved and we review it for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

"An identification procedure that is unnecessarily suggestive and conducive to irreparable misidentification constitutes a denial of due process." *People v Williams*, 244 Mich App 533, 542; 624 NW2d 575 (2001). The fairness or suggestiveness of an identification procedure is evaluated in light of the totality of the circumstances to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification. *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993); *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002). If the trial court finds that the pretrial procedure was impermissibly suggestive, evidence concerning the identification is inadmissible at trial unless an independent basis for an in-court identification can be established "that is untainted by the suggestive pretrial procedure." *Kurylczyk*, 443 Mich at 303. "The need to establish an independent basis for an in-court identification arises [only] where the pretrial identification is tainted by improper procedure or is unduly suggestive." *People v Barclay*, 208 Mich App 670, 675; 528 NW2d 842 (1995) (citations omitted).

To the extent that there was an identification, the relief that defendant requests is appropriate only when an identification is the product of an unduly suggestive pretrial identification procedure. *Williams*, 244 Mich App at 542. In this case, there was no pretrial identification procedure. Rather, the victim's testimony at trial, to the extent it could be considered an identification, was based on her account of the offense and how she thought the perpetrator would look 18 years later. Although defendant argues that, there are reasons to question the reliability of the victim's identification, defendant was not prevented from exploring this issue at trial, and in fact, defense counsel did so. Through cross-examination, defense counsel established that the victim was unable to select defendant's photo from a photo array, and elicited that, at the preliminary examination, she did not indicate that he resembled an older version of the man who assaulted her. It was up to the jury to determine whether the victim's testimony was reliable and credible in light of the factors identified by defendant. See *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Furthermore, as aptly observed by plaintiff, the prosecutor did not rely on the victim's testimony about defendant resembling her attacker. The prosecutor instead argued that defendant's identification as the victim's assailant was established by the DNA evidence, and therefore, the victim's testimony "doesn't matter." For these reasons, we reject defendant's claim that the victim's testimony constituted plain error affecting his substantial rights.

Within this issue, defendant also argues that defense counsel was ineffective for failing to object to the challenged testimony. Because defendant failed to raise an ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of defendant's ineffective-assistance claim is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been

different." *Id*. The defendant has the burden of establishing the factual predicate of his ineffective assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). Also, "the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).

Defendant has not overcome the strong presumption that defense counsel provided constitutionally effective assistance. Defendant has not provided an adequate ground on which defense counsel could have successfully objected. As previously discussed, because there was no pretrial identification procedure that was unduly suggestive, it was not necessary to determine whether there was an independent basis for the victim's challenged testimony at trial. *Barclay*, 208 Mich App at 675. Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, an objection on this ground would have been futile.

Further, defense counsel used the challenged testimony to elicit that the victim did not previously indicate that defendant resembled the man who assaulted her, and to infer in closing argument that her testimony was unreliable. Consequently, defendant has failed to show either that defense counsel's decision not to object was objectively unreasonable, or that there is a reasonable probability that the outcome would have changed had counsel objected. *Nix*, 301 Mich App at 207. Accordingly, defendant's claim of ineffective assistance of counsel is without merit.

## IV. IMPROPER VOUCHING

Defendant complains that the prosecutor improperly vouched for the victim's truthfulness in closing and rebuttal arguments when she argued that the victim had "no reason to lie." Again, we disagree.

As defendant acknowledges, he did not object to the prosecutor's remarks at trial, leaving this issue unpreserved. We review an unpreserved claim of prosecutor misconduct for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763. We will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

A prosecutor may not vouch for the credibility of a witness by conveying that she has some special knowledge that the witness is testifying truthfully. *People v Knapp*, 244 Mich App 361, 382; 624 NW2d 227 (2001). However, prosecutors have great latitude when arguing at trial, *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010), and may argue from the facts in evidence that a witness is worthy of belief. *People v Cain*, 299 Mich App 27, 36; 829 NW2d 37 (2012), vacated in part on other grounds 495 Mich 874 (2013).

The prosecutor did not suggest that she had some special knowledge that the victim was credible. The prosecutor's argument was that, objectively, the victim had no motive to fabricate a story to implicate defendant in a crime in 1998, and now 18 years later. The prosecutor urged the jury to evaluate the evidence, discussed the reliability of the victim's testimony, and argued that there were reasons from the evidence to conclude that she was credible. Further, defense

counsel argued that the victim was not credible, and it was permissible for the prosecutor to argue that the victim had no motive to lie. See *Cain*, 299 Mich App at 37.

The record before us does not support defendant's contention that he never accused the victim of being untruthful. During defense counsel's cross-examination of the victim, defense counsel attempted to impeach her with prior inconsistent statements, and continued to do so during closing argument. For example, defense counsel argued: (1) there were no "witness statements. . . *to verify* that [the victim] actually was on the bus or not"; (2) no witness statements from the victim's grandmother or mother to corroborate the victim's demeanor that night and whether she had injuries; (3) no evidence to corroborate that the victim was "dragged, in the alley, fifteen feet," and, (4) "Well, *allegedly*, [the victim] was grabbed on the inside of her jaw, and made to keep quiet, with force. No injuries on the inside of her mouth." Defense counsel's cross-examination of the victim and closing argument clearly involved challenges to the credibility of her account of the offense. Contrary to what defendant asserts, the defense was not limited to only challenging the DNA evidence at trial. The prosecutor's arguments were responsive to the evidence and the defense theories presented at trial. Viewed in context, they were not improper.

Further, a timely objection to the challenged remarks could have cured any perceived prejudice by obtaining an appropriate cautionary instruction. See *Watson*, 245 Mich App at 586. Although defendant did not object, in its final instructions, the trial court instructed the jurors that they were the sole judges of witness credibility. This instruction protected defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001). Juries are presumed to follow their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Consequently, this unpreserved claim does not warrant appellate relief.[4]

## V. LIFETIME ELECTRONIC MONITORING

Defendant next argues that the requirement of lifetime electronic monitoring should be stricken from defendant's judgment of sentence. Plaintiff concedes, and we agree.

Lifetime electronic monitoring constitutes an "additional punishment" that is part of a defendant's sentence. *People v Cole*, 491 Mich 325, 336; 817 NW2d 497 (2012). Both the United States and Michigan constitutions prohibit ex post facto laws, which include "[e]very law that changes *the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed." *People v Callon*, 256 Mich App 312, 317; 662 NW2d 501 (2003) (citations omitted; emphasis in original). Defendant committed the instant offense in 1998. The requirement of lifetime electronic monitoring for persons convicted under MCL 750.520b became effective on August 28, 2006. See MCL 750.520n; see also 2006 PA 171. Accordingly,

---

[4] We also reject defendant's related claim that defense counsel was ineffective for failing to object to the prosecutor's remarks. As discussed, the prosecutor's remarks were not improper. Therefore, defense counsel's failure to object was not objectively unreasonable. *Nix*, 301 Mich App at 207.

the electronic monitoring requirement of defendant's sentence violates defendant's constitutional protection against ex post facto punishment. Although defendant did not object below, because this error is plain and it affects defendant's substantial rights by unconstitutionally increasing the severity of his sentence, we remand this case to the trial court for the limited purpose of correcting defendant's judgment of sentence to remove the requirement of lifetime electronic monitoring.

We affirm defendant's conviction and sentence but remand for the ministerial task of correcting the judgment of sentence to vacate the requirement that defendant be subject to lifetime electronic monitoring. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello