*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERK HENRY HENDGES,

Defendant-Appellant.

UNPUBLISHED
April 01, 2025
10:59 AM

No. 368016
Kent Circuit Court
LC No. 23-000296-FC

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

Defendant, Derk Henry Hendges, appeals as of right his jury trial convictions for three counts first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (victim under 13 years of age and defendant 17 years of age or older), and one count second-degree criminal sexual conduct (CSC-II), MCL 750.520c (multiple variables). The trial court sentenced Hendges to 25 to 60 years' imprisonment for each of the three CSC-I convictions, and 8 to 15 years' imprisonment for the CSC-II conviction. On appeal, Hendges argues that the trial court erroneously admitted statutory other-acts evidence without properly conducting the MRE 403 balancing test. Finding no reversible error, we affirm.

## I. BACKGROUND

This case arises from Hendges repeatedly sexually assaulting the victim, AC, when she was 12 years old. Hendges was 38 years old at the time. The assaults occurred in Wyoming, Michigan in 2013. AC's mother was friends with Hendges's wife, and the two families would often gather at Hendges's pool. AC and her mother had a difficult relationship at the time. AC's mother sometimes sent AC to Hendges's house alone to help Hendges's wife do household chores. AC stated that Hendges would initially tell her kid-friendly jokes, talk with her, and hug her. The jokes then became more adult and sexual in nature. Hendges would pick up all the children to throw them in the pool, and AC testified that he would touch her buttocks and her vagina while he did so. Hendges also had AC sit on his lap and touched her vagina. AC said this occurred 8 to 10 times. AC would tell Hendges to stop, but he would ignore her and told her that no one would believe her.

In August 2013, Hendges's conduct escalated. AC had come to Hendges's residence to clean the bathroom in the basement. Hendges carried AC from the basement to his bedroom, licked her nipples, removed her pants, licked her vagina, and penetrated her vagina with his tongue. AC told Hendges to stop, but he did not. She covered herself with her hands, but Hendges held her hands in place. He then penetrated her vagina with his penis until he ejaculated. This was the last time AC went to Hendges's house. AC told her mother about the assault in 2017. This conduct appears to form the factual basis for the charges.[1]

Prior to trial, the prosecution filed a notice of intent to admit other-acts evidence under MCL 768.27b. Specifically, the prosecution sought to admit evidence of Hendges's sexual assault of WS, an individual who was 19 years old at the time and unrelated to AC. Defense counsel objected to the admission of this evidence outside of the presence of the jury, arguing that the cases were so dissimilar—WS's case involving the assault of a 19-year-old adult in a pool and AC's assault involving an assault against a child in a house—as to make the evidence inadmissible under MRE 403. The prosecution argued that the other sexual assault showed a pattern of assault when Hendges had access to victims.

The trial court concluded that the evidence satisfied the statutory requirements of MCL 768.27b, was relevant under MRE 401, and that it needed to conduct the MRE 403 balancing test. The trial court analyzed the issue as follows:

> *The Court*: The issue for the Court is to determine on the balancing test under MRE 403, whether the probative value is substantially outweighed by unfair prejudice, confusion of issues, misleading the jury, waste of time, cumulative evidence, or undue delay.
>
> We will give the proper instruction when necessary, but I do not think the probative value substantially outweighs the prejudicial affect. Accordingly, pursuant to the statute, it will be admissible. And anything else?
>
> *Ms. Curtis* [prosecutor]: Your Honor, I believe you just said you do not believe the probative value outweighs the prejudicial effect. So I think you meant the reverse.

*  *  *

---

[1] The bill of information alleged four counts occurring on or about June 1, 2013 to August 31, 2013: criminal sexual conduct in the first degree, MCL 750.520b(1)(a) and MCL.520b(2)(b) (digital penetration, victim under 13 years of age, defendant 17 years of age or older) (Count 1); criminal sexual conduct in the first degree, MCL 750.520b(1)(a) and MCL.520b(2)(b) (oral-vaginal contact, victim under 13 years of age, defendant 17 years of age or older) (Count 2); criminal sexual conduct in the first degree, MCL 750.520b(1)(a) and MCL.520b(2)(b) (oral-vaginal contact), victim under 13 years of age, defendant 17 years of age or older) (Count 3); and criminal sexual conduct in the second degree, MCL 750.520c (multiple variables; sexual conduct with a 12-year-old) (Count 4).

*The Court*: Yeah. Sorry. I misspoke myself.

\* \* \*

*The Court*: I — I believe under the balancing test of MRE 403, that it will be admissible.

At trial, WS testified that Hendges had touched her vaginal area in his pool in August 2021.[2] WS was 19 years old at the time. She had become friends with Hendges's wife, who was one of her coworkers. They would occasionally gather at Hendges's house and pool. One day, after WS went swimming with Hendges's daughter, Hendges gave her alcohol, which she consumed. She testified that it made her disoriented and that she blacked out for part of the day. Hendges's daughter left the pool for a period of time, leaving WS and Hendges alone. WS testified that when she came to after blacking out, Hendges had his fingers underneath her swimsuit. He penetrated her with one finger and had another finger on her "clitoral region." Hendges pleaded to a charge of attempted gross indecency in relation to WS's complaint.

WS testified on the second day of trial. The trial court told the jury that it heard evidence that showed Hendges had committed a crime for which he was not currently on trial. The trial court instructed the jury that it should not "convict the defendant here because you think he is guilty of other bad conduct." For his part, when Hendges testified at trial, he admitted that the incident with WS occurred but he disputed that he gave her alcohol.

Hendges was tried and convicted in July 2023. The trial court sentenced him in August 2023 as previously stated. This appeal followed.

## II. LAW AND ANALYSIS

Hendges argues that he is entitled to a new trial because the trial court improperly admitted evidence related to another sexual assault after it failed to properly apply the MRE 403 balancing test. We disagree.

We review the trial court's decision to admit evidence for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). An abuse of discretion occurs when the trial court's decision falls "outside the range of principled outcomes." *Id*. at 252 (citation omitted). A close call on an evidentiary question is generally not an abuse of discretion. *Id*.

A preserved, nonconstitutional error is reviewed under the harmless-error standard. *Id*. See also MCL 769.26. The error is only grounds for reversal if it is more probable than not that the error was outcome-determinative. *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002). An error is outcome-determinative if it calls the reliability of the verdict into question. *Id*. The

---

[2] The investigating officer responsible for WS's case also testified.

-3-

error should be considered in the context of the "weight and strength of the untainted evidence." *Id.* (citation omitted).

Relevant evidence is typically admissible. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). Propensity evidence is generally inadmissible. See MRE 404(a) (generally prohibiting the admission of character evidence to prove conduct in conformity with character). See also MRE 404(b) (prohibiting the admission of evidence of other bad acts to prove evidence of conduct in conformity with prior bad acts).

MCL 769.27b is an exception to this general prohibition. When a criminal defendant is accused of domestic violence or sexual assault, MCL 768.27b states that "evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under [MRE] 403." MCL 768.27b(1). The trial court has the discretion to admit evidence under MCL 768.27b for proof of any issue. *People v Daniels*, 311 Mich App 257, 272; 874 NW2d 732 (2015). This includes for purposes of propensity, or demonstrating that a person who had committed an offense may be more likely to commit that type of offense than a person who has not committed that type of offense. *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 7. "Although MCL 768.27a and 27b make no reference to 'propensity' evidence, we have long accepted that MCL 768.27b permits the admission of propensity evidence." *Berklund*, ___ Mich App at ___ (N. P. HOOD, J., concurring in part and dissenting in part); slip op at 1, citing *People v Watkins*, 491 Mich 450, 470-471; 818 NW2d 296 (2012). "It operates as a statutory carveout to MRE 404(b), which permits the introduction of other-acts evidence for certain purposes other than to show conduct in conformity therewith." *Berklund*, ___ Mich App at ___ (N. P. HOOD, J., concurring in part and dissenting in part); slip op at 1, citing MRE 404(b) and *Watkins*, 491 Mich at 468-469. "In other words, MRE 404(b) permits other-acts evidence for a nonpropensity purpose, and MCL 768.27b permits other-acts evidence (of domestic violence or sexual assault) for any purpose for which it is relevant." *Berklund*, ___ Mich App at ___ (N. P. HOOD, J., concurring in part and dissenting in part); slip op at 1, citing *Watkins*, 491 Mich at 469-472. "Usually, that means propensity." *Berklund*, ___ Mich App at ___ (N. P. HOOD, J., concurring in part and dissenting in part); slip op at 1 (citations omitted). MCL 768.27b "reflects a policy decision that, in certain cases, juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords." *People v Schultz*, 278 Mich App 776, 779; 754 NW2d 925 (2008) (citation omitted). The other act does not need to be identical with the currently charged offense in order to be relevant and potentially admissible under MCL 768.27b. *Berklund*, ___ Mich App at ___; slip op at 9.

Relevant evidence nonetheless may be inadmissible under MRE 403 when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *People v Hoskins*, 342 Mich App 194, 202; 993 NW2d 48 (2022), citing MRE 403. The trial court must consider if the introduction of other sexual assault evidence would unfairly prejudice the defendant, and weigh this against the probative value of the evidence. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). All relevant evidence is prejudicial to some degree. *People v Spaulding*, 332 Mich App 638, 650; 957 NW2d 843 (2020). Evidence is considered unfairly prejudicial when there is a risk that the jury will give it undue weight or that it will add unrelated considerations such as bias or emotion. *Cameron*, 291 Mich

-4-

App at 611. The trial court may provide a limiting instruction for other-acts evidence. *Berklund*, ___ Mich App at ___; slip op at 11. It is presumed that jurors will follow their instructions. *Id*.

An inference of propensity should be weighed in favor of the probative value of the evidence. *Id*. at ___; slip op at 9. Factors that may be considered when determining prejudice are: (1) the similarities between the other acts and current charge, (2) how close in time the events occurred, (3) the frequency of the other acts, (4) if any intervening acts occurred, (5) any issues with reliability of the evidence of the other acts, and (6) the need for evidence beyond the testimony of the victim and the defendant. *Watkins*, 491 Mich at 487.[3] These factors are not exhaustive. *Id*. at 488. The trial court is not necessarily required to discuss the *Watkins* factors on the record. *Hoskins*, 342 Mich App at 203.

Here, the trial court did not abuse its discretion by admitting WS's testimony. See *Thorpe*, 504 Mich at 251. The prosecutor argued that WS's testimony showed that Hendges engaged in a pattern of like behavior. While propensity evidence is typically inadmissible, WS's testimony was about another sexual assault, and Hendges was accused of CSC-I and CSC-II in the instant case. See *Berklund*, ___ Mich App at ___; slip op at 8; MCL 768.27b(1). The trial court was permitted to admit WS's testimony as proof of Hendges's propensity. See *Berklund*, ___ Mich App at ___; slip op at 7; *Daniels*, 311 Mich App at 272. Hendges does not challenge the trial court's findings regarding admissibility under MCL 768.27b or relevance under MRE 401 and 402; instead, he argues that that the trial court erred in its analysis under MRE 403.

We acknowledge that the trial court did not explicitly state its reasoning related to its weighing of each of the *Watkins* factors. But we have previously held that the trial court is not necessarily required to discuss the *Watkins* factors on the record. See *Hoskins*, 342 Mich App at 203 ("[t]here is no indication from *Watkins* that these factors *must* be discussed on the record."). We nonetheless conclude that the trial court reached the correct result. The trial court cited MRE 403 and described the balancing test. It then decided that the prejudicial impact of WS's testimony did not outweigh the testimony's probative value. See *Cameron*, 291 Mich App at 611. Hendges argues that the trial court erred by not stating its analysis on the record. However, he fails to cite any law in support of his argument that the trial court must state its analysis on the record and fails to explain why our holding in *Hoskins* does not apply. Even if we accept that the trial court's failure to explicitly weigh each factor was an error, we conclude that it reached the correct result by determining that the evidence of WS's assault was admissible.

Hendges argues that the trial court should have excluded WS's testimony under MRE 403 because it unfairly prejudiced him. See *Hoskins*, 342 Mich App at 202. We disagree. WS's testimony was ostensibly offered for two reasons. First, as the prosecution argued, the assault demonstrated a common mode of operation. Second, and more critically, it was evidence of Hendges's propensity for such conduct. In other words, Hendges was more likely to have assaulted

---

[3] MCL 768.27a was at issue in *Watkins*. This Court has stated that the *Watkins* factors are applicable to cases involving MCL 768.27b when additional statutory differences are not at issue. *Berklund*, ___ Mich App at ___; slip op at 10 n 5. These statutory differences are not at issue.

AC because he had assaulted WS. This goes toward the probative value of the evidence and thus weighs in favor of its admission. See *Berklund*, ___ Mich App at ___; slip op at 9.

Considering the first *Watkins* factor, we first analyze the similarities and differences between the other act and the current charges. *Watkins*, 491 Mich at 487. The acts were similar to the conduct underlying the current charges in several ways. WS testified that Hendges digitally penetrated her while she was in his pool and Hendges's wife was not present. AC testified that, among other acts, Hendges touched her vagina while she was in his pool and his wife was not present. WS was vulnerable because Hendges gave her alcohol (when she was not old enough to lawfully consume alcohol); AC was vulnerable because she was a child. There were some differences. WS was not a minor at the time Hendges assaulted her. Hendges assaulted WS once, and he assaulted AC multiple times. However, WS did not return to Hendges's house after she had been assaulted, so there was no further opportunity for Hendges to assault her. Overall, the other acts and current charges are similar, and this weighs in favor of admitting WS's testimony. See *id*.

Additionally, the events occurred approximately eight years apart, so they are not presumptively barred under the 10-year limitation contained in MCL 768.27b(4).[4] In other contexts, the court has allowed other-acts evidence that involved highly similar conduct even when there was a longer gap between other acts and the charged offense. See *People v Solloway*, 316 Mich App 174, 195; 891 NW2d 255 (2016) (analyzing MCL 768.27a, which does not have the same time restrictions as MCL 768.27b; stating that other-acts evidence from 12 years earlier was admissible because of similarities to the charged conduct, including the victims' close ages, the defendant was related to both of the victims, the victims lived with the defendant when they were assaulted, and the defendant initiated the assaults in a similar manner). Here, the acts have factual similarities and can be compared to the assaults in *Solloway* in that they appear to be crimes of opportunity. Both AC and WS were vulnerable and on Hendges's property when the assaults occurred, and Hendges assaulted AC and WS, at least partially, in a similar manner. On balance, the temporal proximity factor weighs in favor of admitting WS's testimony. See *Watkins*, 491 Mich at 487.

Considering the frequency of the other act, WS alleged that Hendges assaulted her once. The lack of frequency of the other act supports the exclusion of WS's testimony. See *id*. There were also no intervening acts that would support the exclusion or inclusion of WS's testimony. See *id*.

Regarding the reliability of the evidence, Hendges admitted the incident with WS had occurred. Admittedly, he claimed he did not know she was intoxicated. But he pleaded to one count of attempted gross indecency based on WS's complaint.[5] His testimony and conviction

---

[4] MCL 768.27b(4) provides that other acts occurring more than 10 years before the charged offense are inadmissible unless they meet certain criteria. This does not apply for two reasons. First, as stated, the acts occurred eight years apart. Second, the acts involving WS occurred after—or more recently—than the charged conduct.

[5] The prosecution's brief on appeal refers to the plea as a no-contest plea.

support the reliability of the evidence and the admission of WS's testimony. See *id.*; see also *Hoskins*, 342 Mich App at 208.

Finally, this Court examines the "lack of need for evidence beyond the complainant's and the defendant's testimony." *Watkins*, 491 Mich at 487. Considering the evidence presented besides WS's testimony, this case was largely a question of credibility. AC claimed that multiple assaults had occurred and provided details. AC's mother testified as to some level of discomfort with Hendges and that AC had told her about the assaults about three years after they occurred. Hendges testified that he had not engaged in any inappropriate conduct with AC. Hendges's wife denied that AC had ever been alone with him. The testimony of the victim of criminal sexual conduct is sufficient to convict a defendant. *Solloway*, 316 Mich App at 182. However, as there was no physical evidence or eyewitness testimony that supported AC's allegations, it is reasonable to conclude that WS's testimony was helpful because it provided context for Hendges's behavior and supported AC's credibility. See *Hoskins*, 342 Mich App at 209; see also *Schultz*, 278 Mich App at 779. This supports the admission of WS's testimony. See *Watkins*, 491 Mich at 487. On balance, the *Watkins* factors support the admission of WS's testimony because its probative value was not outweighed by the danger of unfair prejudice. See *id.*

While the trial court did not go through the *Watkins* factors on the record, it is not required to do so. *Hoskins*, 342 Mich App at 203. Hendges argues that, beyond the *Watkins* factors, WS's testimony was unfairly prejudicial because the prosecutor referred to WS's testimony in her closing argument as how the prosecution proved "this case beyond a reasonable doubt." But the trial court instructed the jury not to consider WS's testimony or the prosecution's closing argument as evidence of Hendges's guilt in the instant case, and it is presumed the jury followed its instructions. *Berklund*, ___ Mich App at ___; slip op at 11. Additionally, WS's testimony was admitted as propensity evidence, and the jury was permitted to consider whether Hendges's other act made it more likely that he had assaulted AC. See *id.* at ___; slip op at 7. The prosecutor's discussion of WS's testimony in her closing argument did not unfairly prejudice Hendges by encouraging the jury to place undue weight on the testimony. See *Cameron*, 291 Mich App at 611. Rather, we can read it as an argument pointing to another piece of evidence that supported finding Hendges guilty. It therefore was not an abuse of discretion for the trial court to admit WS's testimony. See *Thorpe*, 504 Mich at 251.

Finally, even if WS's testimony were improperly admitted under MRE 403, the error would be harmless. See *Krueger*, 466 Mich at 54. Removing WS's testimony from the universe of evidence, the verdict would still be supported. See *id.* The "untainted evidence" against Hendges was decidedly strong. *Id.* A victim's testimony is sufficient to convict a defendant of criminal sexual conduct, and AC provided consistent testimony. See *Solloway*, 316 Mich App at 182. She stated that she met Hendges when she was 12 years old, he groomed her over a period of months when she visited his house, he repeatedly touched her inappropriately, told her not to tell anyone, and his behavior and touching escalated, which culminated in Hendges sexually assaulting AC. AC was able to describe Hendges's bedroom consistently with his later testimony, though he claimed she had never been there. The jury was able to assess the credibility of AC and Hendges. AC's mother corroborated elements of AC's testimony, including their relationship, AC's emotional changes following the assaults, and the 2017 police report. Considering the weight and strength of the other evidence in this case, if the trial court did err, the error was harmless. See *Krueger*, 466 Mich at 54.

In sum, the trial court properly considered the probative value of WS's testimony against the danger it would cause unfair prejudice. It did not abuse its discretion by holding that WS's testimony was admissible under MRE 403. If the trial court did err in admitting her testimony, the error was harmless.

We affirm.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney